Thomas F. Wilkey and Amanda his wife, Matilda Wilkey, Albert P. Wilkey, John H. Wilkey, Elizabeth Douglass, Margaret Louisa Wilkey and Anna M. Wilkey, heirs of John Wilkey, deceased, *v.* The City of Philadelphia, Appellant.   •

*Road law—Opening streets—Damages—Evidence.*

In a proceeding to assess damages for opening a street through a farm, it is not improper for the owner to testify that it would be necessary for him to raise all his buildings in order to continue farming after the street was opened.

In a proceeding for damages for opening a street through rural land, where the city claims that the opening of the street will enable the land to be sold as building lots, it is not improper to permit the owner to show that there is no demand for lots in the immediate vicinity, and that there might not be such a demand for several years.

Argued Jan. 26, 1897. Appeal, No. 440, Jan. T., 1896, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T, 1894, No. 238, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from report of road jury.   Before Pennypacker, J.

At the trial Thomas F. Wilkey was asked by his counsel:

" Tell me, if you please, in order to continue your farming what it is necessary for you to do after the street is cut through? "

Mr. Wayland, of counsel for defendant: I renew my objection.

The Court: I think he may tell us what he would have to do with his farm.   Exception noted and bill sealed for defendant.

A.  " We would have to raise all the buildings." [2]

John J. Campbell, a witness for the plaintiffs, was asked the following question on examination in chief:

Q.  " At the rate of progress in that locality, how many years do you consider it short of being ripe ? "

Mr. Wayland: I object.

The Court : Objection overruled.   Exception noted and bill sealed for defendant.

Q.  " In other words, how many years, in your judgment, must a man wait to successfully market the bulk of that land?"

The Court: Do you withdraw your former question which was ruled on ?

Mr. Leaming, of counsel for plaintiffs : I will stick to the first question which was ruled on.

A.  " I think if the councilmen of the ward would improve the street below it might come in about five years.   If they do not make the improvement below it would be ten years, and about that time I think it would be in the market." [3]

The court admitted under objection and exception the testimony of John Mitchell, a witness for the plaintiffs, as to the cost of fencing on both sides of plaintiffs' property as a specific item of damage. [4]

Defendant offered to prove by George L. Horn, that he had received instructions from a customer to purchase the Wilkey tract remaining after the opening of Westmoreland street, for more than the value placed upon it by the plaintiffs before the opening of Westmoreland street; that he stands ready to submit this offer to plaintiffs or their attorney, and, if accepted by them, will bind the bargain by payment of $1,000.   Title to be good and marketable, and to be taken on production of proper searches ; that said offer is bona fide, and that the witness's customer or principal is a responsible person who has employed him in good faith.   Offer overruled and exception. [5]

George W. Lukens, a witness for plaintiffs, recalled.

Mr. Wayland : I would like to know what it is proposed to prove by this witness.

Mr. Leaming : I offer to prove by this witness whether or not this property is ripe for development into street lots.

Mr. Wayland : I object, on the ground that that is not proper rebuttal.

The Court : I will permit the plaintiffs to prove it briefly, but it must be confined strictly to that point.

Exception noted and bill sealed for defendant. [6]

By Mr. Leaming : Q. " Is or is not, in your opinion, this property ripe for improvement into building lots ? "

Mr. Wayland : I object to that question.

The Court : Objection overruled ; exception noted and bill sealed for defendant.

A. " It is not ripe for improvement at the present day." [7]

Q. " Will you give me your reasons briefly ? "

Mr. Wayland : I object to the reasons.

The Court : Objection overruled ; exception noted and bill sealed for defendant.

A. " My reason is that there is plenty of ground in that immediate neighborhood that has been lying open for years without a purchaser. There are parties there that hold this property and would be glad to get rid of it if they could find anybody to purchase it in lots. There is really no demand for lots in that direct locality. It would have to be carried for five or ten years before that property will come into play, under the present condition of affairs." [8]

Joseph W. Souder, a witness for plaintiffs, recalled.

By Mr. Leaming : Q. " In your opinion is this property of Wilkey's ready for improvement in street lots ? "

Mr. Wayland : I object.

The Court : Objection overruled, exception noted and bill sealed for defendant.

A. " It is not—not anywheres near where the improvements would be likely to be for years to come. No street is required there. The streets are not built upon below it. There is 100 acres this side of it which should be improved before the land would be, before that property should be, opened, because it has a tendency to reduce the price of lots. Take Richmond as a sample." [9]

Wilson Stearley a witness for plaintiffs recalled.

By Mr. Leaming: "Q. In your opinion is this property ripe for improvement by the sale of lots for building purposes?"

Mr. Wayland: I object.

The Court: Objection overruled; exception noted and bill sealed for defendant.

A. "No, sir; I do not think it is." [10]

The court charged in part as follows:

[The witnesses for the plaintiffs have looked upon this property as a truck farm; they have taken the value before and deducted substantially from that value what they regarded was the losses. That is, they have estimated the amount of the ground taken, and the inconveniences to the farm, and the loss on buildings, and have made their deductions from the sum with which they started. Only one of them, as I recall the testimony, Mr. Campbell, entered into an estimate as to what was the value of that property if utilized for lots after the opening of the street.] [11] . . . . [It would seem, however, a little remarkable that if the effect of opening a street fifty feet wide and taking an acre and a half of ground, was to enhance to the extent of $20,000 to $25,000 the value of that tract of land, that the plaintiffs themselves might not by the simple device of laying out a street and giving the public the right to travel over it, have done so before the city opened the street, and it was possible for the plaintiffs by such a process to so enhance the value of their ground, why that fact should not be taken into consideration in making an estimate of the market value before the street was opened.] [12]

Plaintiffs' points and answers thereto were as follows:

1. The testimony by a witness of the price he is willing to give for the plaintiffs' property is irrelevant, and incompetent and should be totally disregarded by the jury. *Answer:* Affirmed. [13]

2. Any offer to purchase the plaintiffs' property made by a witness while on the stand, especially when accompanied by a display of a check book and an offer to draw a check, is no evidence of general selling value, and should be wholly disregarded by the jury. *Answer:* Affirmed. [14]

Verdict and judgment for plaintiffs for $11,750. Defendant appealed.

*Errors assigned* were (2–10) rulings on evidence, quoting the bill of exceptions, (11–14) above instructions, quoting them.

*Francis L. Wayland,* assistant city solicitor, with him *J. Lee Patton* and *John L. Kinsey,* city solicitor, for appellant, cited: Grugan v. City, 158 Pa. 337; Ry. v. McCloskey, 110 Pa. 443.

*Thomas Leaming,* for appellees, cited: P. S. V. R. Co. v. Cleary, 125 Pa. 453; Geissinger v. Hellertown Borough, 133 Pa. 525.

PER CURIAM, February 8, 1897:

This case,—involving questions of fact which the jury alone had the power to determine,—appears to have been carefully tried and fairly submitted to them with substantially accurate and adequate instructions. We find nothing in any of the fourteen specifications of which the defendant had just reason to complain; nor do we think that either of said specifications requires discussion.

Judgment affirmed.